COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


AMERICAN RED CROSS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0804-09-4                              PER CURIAM
                                                    SEPTEMBER 1, 2009
KAUSHLYA VERMA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Richard M. Reed; Semmes, Bowen & Semmes, on brief), for
              appellant.

              (Craig A. Brown; Ashcraft & Gerel, LLP, on brief), for appellee.


       American Red Cross (employer) appeals a decision of the Workers' Compensation

Commission finding that Kaushlya Verma (claimant) was entitled to receive ongoing temporary

total disability benefits because there was no unjustified refusal to attend an employer-scheduled

independent medical examination (IME).  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

                                         I.  Background

       Claimant sustained a compensable workplace injury on June 23, 2003, and has remained

under an open award for temporary total disability benefits since that time.  By letter dated

January 10, 2008, claimant was notified that she was to report for an IME on January 22, 2008.

Claimant's counsel immediately notified employer that claimant was in India caring for her

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ailing father and that the examination would need to be rescheduled.  Employer cancelled the

IME and did not attempt to reschedule the appointment with claimant.[1]

On March 6, 2008, employer filed an application seeking termination of claimant's

disability benefits.  The deputy commissioner rejected employer's application for hearing,

finding employer did not meet its burden of proving claimant unjustifiably refused to attend the

January 22, 2008 IME.  In a split decision, the commission affirmed the deputy commissioner's

decision, finding "there was no willful denial to attend the appointment."  This appeal followed.

## II.  Analysis

Code § 65.2-607 provides:

> A. After an injury and so long as he claims compensation,
> the employee, if so requested by his employer or ordered
> by the Commission, shall submit himself to examination at
> reasonable times and places, by a duly qualified physician
> or surgeon designated and paid by the employer or
> commission . . . .
>
> B. If the employee refuses to submit himself to or in any
> way obstructs such examination requested by and provided
> for by the employer, his right to compensation and his right
> to take or prosecute any proceedings under this title shall be
> suspended until such refusal or objection ceases and no
> compensation shall at any time be payable for the period of
> suspension unless in the opinion of the Commission the
> circumstances justify the refusal or obstruction.

"Justification is a factual determination made upon an objective view of all circumstances as they

reasonably appeared to the claimant.  The commission's factual findings on this issue are

conclusive and binding on this Court if supported by credible evidence."  R. G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 214, 390 S.E.2d 788, 789 (1990).

---

[1] On May 19, 2008, approximately one month after claimant returned from India, claimant notified employer she had returned to Virginia and was available for an IME.

Here, claimant provided documentation from her father's physician that claimant was in India caring for her ailing father when employer scheduled an IME. There is some discrepancy in the record as to when claimant received notice of the IME.[2] Nevertheless, assuming claimant was timely notified of the IME, credible evidence in the record supports the commission's factual finding that claimant's absence from the IME was justified since she was out of the country and could not make arrangements to return on such short notice.

### III. Conclusion

For the reasons stated, we summarily affirm the commission's decision. Rule 5A:27.

<u>Affirmed.</u>

---

[2] Claimant's counsel received notice of the IME and immediately notified employer of claimant's inability to attend the appointment. The IME coordinator confirmed cancellation of the examination by letter dated January 15, 2008.